IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| **MARIA ALEJANDRA RODRIGUEZ PEREZ,** | Civil Case Number: |
| **Plaintiff,** | CIVIL ACTION |
| -v- | COMPLAINT AND DEMAND FOR JURY TRIAL |
| **TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and DISCOVER BANK,** | |
| **Defendants.** | |

## INTRODUCTION

1. Plaintiff, Maria Alejandra Rodriguez Perez, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Defendant Discover Bank has negligently and recklessly disseminated false information regarding the Plaintiff's credit to the national credit reporting agencies, specifically concerning a discharged and cancelled debt with Discover Bank for over $11,000.00.

2. Plaintiff further alleges that the three major consumer reporting agencies, TransUnion, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC (collectively "the CRAs") have negligently and recklessly disseminated this inaccurate information regarding the Plaintiff's credit.

3. Plaintiff further alleges that TransUnion, Experian, and Equifax failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

4.Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5.The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Florida and violated Plaintiff's rights under the FCRA in the state of Florida as alleged more fully below.

6.Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7.Plaintiff, Maria Alejandra Rodriguez Perez ("Plaintiff"), is a resident of Lee County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8.Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9.Equifax is a limited liability company with its principal office located at 1550 Peachtree Road, Atlanta, Georgia 30092.

10.Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and

disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

12. Defendant Trans Union, LLC ("TransUnion") is also one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. TransUnion is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

14. Discover Bank is a major credit card company with its registered office located at CT Corporation System, 28 Liberty Street, New York, New York 10005.

**FACTUAL ALLEGATIONS**

15. In 2017, Plaintiff opened a credit card account with Discover Bank, with an account number ending in 7170.

16. Sometime in 2021, Discover Bank cancelled and discharged the debt owed on this credit card account.

17. In late 2021, Plaintiff received a 1099-C Cancellation of Debt Form from Discover Bank regarding this account, notifying the Plaintiff that an alleged debt of $11,390.98 was discharged and cancelled, thereby relieving Plaintiff from any liability or responsibility towards the alleged debt.

18. As a result of Discover Bank's cancellation of her debt, Plaintiff then listed this $11,391.00 cancelled debt on her 2021 tax returns as taxable income, incurring substantial tax liability as a result.

19. Clearly it is incomplete and misleading, and therefore inaccurate, to report that someone has a debt after it has been discharged and cancelled, which cancellation has caused that person to incur tax liability.

20. In early 2022, the Plaintiff noticed that the CRAs were still negatively reporting the Discover Bank account with a balance of $11,390, even though that balance had been discharged and cancelled.

21. Accordingly, on or about April 20, 2022, Plaintiff sent dispute letters to each of the CRAs via certified mail.

22. In each of those disputes, Plaintiff specifically advised each of the CRAs of the inaccurate reporting of the Discover Bank account, explaining that Discover Bank had discharged and cancelled $11,390.98 of the account balance. Plaintiff included with these disputes a copy of the 1099-C form she had received from Citibank, entitled 'CANCELLATION OF DEBT'.

23. That 1099-C included the Event Code "G", which is a Code used by the IRS "to identify cancellation of debt as a result of a decision or a defined policy of the creditor to discontinue collection activity and cancel the debt." *See,* [https://www.irs.gov/publications/p4681#en_US_2021_publink1000192640](https://www.irs.gov/publications/p4681#en_US_2021_publink1000192640), last visited on

November 15, 2022.

24. Within 30 days of receipt of the Plaintiff's disputes, the Defendants were required to investigate the disputed information and provide the Plaintiff with the results of their investigation.

25. In addition, the CRAs were required to correct or delete the inaccurate information.

26. Further, the CRAs were required to send notice of Plaintiff's disputes to Discover Bank, as the furnisher of the inaccurate credit information.

27. Defendant Experian received Plaintiff's dispute letter on April 27, 2022.

28. However, Experian failed to do an adequate investigation of the Plaintiff's dispute and continues to report the Plaintiff's account as a charge off in the amount of $11,390.00.

29. Defendant Equifax received Plaintiff's dispute letter on April 24, 2022.

30. Equifax responded to Plaintiff's dispute on May 3, 2022, stating it had 'verified' the account as reporting accurately.

31. However, Equifax also failed to conduct an adequate investigation of the Plaintiff's dispute and continues to report the Plaintiff's account as a charge off in the amount of $11,390.

32. Defendant TransUnion received Plaintiff's dispute letter on April 23, 2022.

33. However, Transunion also failed to conduct an adequate investigation of the Plaintiff's dispute and instead continues to report the Plaintiff's account as a charge off with a balance of $11,390.

34. In fact, Trans Union responded to Plaintiff's dispute on April 29, 2022, stating it had investigated Plaintiff's dispute and the balance was being updated on her report to reflect $0. However, when Plaintiff pulled her Trans Union credit report on June 19, 2022, the account was, and still is, being reported with an active balance of $11,390.

35. Defendants' failure to remove clearly inaccurate information is evidence of their failure to conduct a reasonable investigation upon receipt of Plaintiff's disputes.

36. Upon information and belief, the CRAs each relayed the Plaintiff's disputes to Discover Bank, but Discover Bank refused to investigate, correct or delete this inaccurate information.

37. At all times pertinent hereto, the CRA's violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s and 1681i of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

38. Additionally, the CRA's violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

39. At all times pertinent hereto, Discover Bank's conduct was similarly willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

40. As a direct and proximate result of Defendants' violations of the FCRA, Plaintiff has been harmed in her daily life.

41. For example, the Plaintiff's credit scores dropped severely because of this inaccurate reporting, and the Plaintiff has been unable to get credit on favorable terms as a result of the Defendants' inaccurate reporting, causing the Plaintiff to sustain monetary damages.

42. Plaintiff further suffered emotional distress along with frustration and annoyance because of the Defendants' actions, and has had inaccurate information regarding her credit worthiness wrongfully disseminated to potential creditors.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EXPERIAN

43. All preceding paragraphs are realleged.

44. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

45. The FCRA provides that:

> "***if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file*** in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

46. In April of 2022, the Plaintiff initiated a dispute with Experian requesting that they correct specific items in her credit file that were patently inaccurate and damaging to her, namely the discharged and cancelled Discover Bank debt.

47. Experian received the Plaintiff's dispute letters, as evidenced by the certified mail tracking number in the Plaintiff's possession.

48. However, Experian never adequately investigated the Plaintiff's disputes, as required by the FCRA.

49. Instead, Experian, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

50. As a direct and proximate result of Experian's willful and/or negligent refusal to

conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST EXPERIAN

51. All preceding paragraphs are realleged.

52. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

53. Accordingly, Experian was required to follow procedures to assure maximum possible accuracy of the credit reports it prepared concerning Plaintiff. However, Experian failed to do so.

54. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate Discover Bank account information being reported on the Plaintiff's credit report, or prevented it from being reported in the first place.

55. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT III
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST TRANSUNION

56. All preceding paragraphs are realleged.

57. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

58. The FCRA provides that:

> "*if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

59. In April of 2022, the Plaintiff initiated a dispute with TransUnion requesting that they correct specific items in her credit file that were patently inaccurate and damaging to her, namely the discharged and cancelled Discover Bank debt.

60. Transunion received this dispute, as evidenced by the certified mail tracking number in the Plaintiff's possession.

61. Transunion, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report these inaccurate items on the Plaintiff's credit file, something that any basic investigation would have prevented.

62. As a direct and proximate result of Transunion's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT IV
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST TRANSUNION

63. All preceding paragraphs are realleged.

64. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

65. Accordingly, Transunion was required to follow procedures to assure maximum possible accuracy of the credit reports it prepared concerning Plaintiff. However, Transunion failed to do so.

66. Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate Discover Bank account information being reported on the Plaintiff's credit report, or prevented it from being reported in the first place.

67. As a direct and proximate result of Transunion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT V
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST EQUIFAX

68. All preceding paragraphs are realleged.

69. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

70.   The FCRA provides that:

> "***if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer*** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file*** in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added).

71.   In April of 2022, the Plaintiff initiated a dispute with Equifax requesting that they correct specific items in her credit file that were patently inaccurate and damaging to her, namely the discharged and cancelled Discover Bank debt.

72.   Equifax received this dispute, as evidenced by the certified mail tracking number in the Plaintiff's possession.

73.   Equifax, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report these inaccurate items on the Plaintiff's credit file, something that any basic investigation would have prevented.

74.   As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

### COUNT VI
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST EQUIFAX

75.   All preceding paragraphs are realleged.

76.   Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15

U.S.C. §1681e(b) (emphasis added).

77. Accordingly, Equifax was required to follow procedures to assure maximum possible accuracy of the credit reports it prepared concerning Plaintiff. However, Equifax failed to do so.

78. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate Discover Bank account information being reported on the Plaintiff's credit report, or prevented it from being reported in the first place.

79. As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT VII
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 U.S.C. § 1681s-2(b)
## AGAINST DISCOVER BANK

80. All preceding paragraphs are re-alleged.

81. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported upon receipt of notice of such dispute from a credit reporting agency.

82. At all times pertinent hereto, Discover Bank was a "furnisher" as that term is used by the FCRA.

83. In April of 2022, Plaintiff initiated disputes with the three consumer reporting agencies disputing the accuracy of the account being reported by Discover Bank.

84. Upon information and belief, Discover Bank received notice of these disputes from the consumer reporting agencies.

85. Discover Bank was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

86. Discover Bank failed to reasonably investigate Plaintiff's dispute. Indeed, Discover Bank could easily have reviewed the Plaintiff's dispute letter and the 1099-C form she included with her dispute to corroborate her dispute, and then checked its records to verify that it issued a 1099-C to Plaintiff discharging and cancelling $11,390.98 of debt back in 2021, but just failed to do so.

87. Even after the Plaintiff properly disputed the accuracy of this account with the CRAs, Discover Bank refused to conduct a reasonable investigation and continued inaccurately reporting that the Plaintiff's account was charged off with a balance of $11,390.00, months after the account had been closed, and the debt sdischarged and cancelled.

88. Indeed, Discover Bank's on-going failures to correct Plaintiff's account information – when a basic review of its own records and the information provided by the Plaintiff would have reflected that Discover Bank had closed the account, and discharged and cancelled the debt owed on Plaintiff's account - is evidence that its investigation into Plaintiff's dispute was deficient

89. Discover Bank's conduct violated section 1681s-2(b) of the FCRA.

90. As a result of Discover Bank's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

91. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Awarding Plaintiff actual damages, statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

B. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

C. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

D. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

E. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: January 13, 2022

By: /s/ Joseph Kanee
Joseph Kanee, Esq. (Fla. Bar #1040922)
MARCUS & ZELMAN, LLC
701 Brickell Avenue, Suite 1550
Miami, Florida 33131
(786) 369-1122 telephone
(732) 298-6256 facsimile
Joseph@MarcusZelman.com

*Attorney for Plaintiff*