UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARIA ALEJANDRA
RODRIGUEZ PEREZ,

    Plaintiff,

v.                                        Case No.:  2:23-cv-27-SPC-KCD

EQUIFAX INFORMATION
SERVICES LLC and DISCOVER
BANK,

    Defendants.
_____/

## OPINION AND ORDER[1]

Before the Court is Defendant Discover Bank's Motion to Dismiss (Doc. 29), and Plaintiff Maria Alejandra Rodriguez Perez's response in opposition (Doc. 32). For the following reasons, the Court denies Discover's Motion to Dismiss.

## BACKGROUND

This is a Fair Credit Reporting Act ("FCRA") case. Perez claims Discover cancelled a debt she owed it. As part of her allegations, Perez says Discover sent her a 1099-C Cancellation of Debt Form ("1099-C") that notified her the

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

debt was discharged and cancelled. The 1099-C had event code "G," a code used by the IRS to identify cancellation of a debt because of a decision or a defined policy of the creditor to discontinue collection activity and cancel the debt. But the credit reporting agencies ("CRAs") still negatively reported her Discover debt after this cancellation. To fix this inaccuracy, Perez sent dispute letters to the CRAs.

Perez now sues the CRAs and Discover alleging they failed to adequately investigate her disputed debt and the CRAs continue to report the debt. Discover moves to dismiss the only count against it (Count VII) under Fed. R. Civ. P. 12(b)(6), arguing Perez fails to state a claim for which relief can be granted.

### LEGAL STANDARD

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Bare "labels and conclusions, and a formulaic recitation of the elements of a cause of action," do

not suffice. *Twombly*, 550 U.S. at 555. A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Twombly*, 550 U.S. at 570. A claim is facially plausible when a court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*citing Twombly*, 550 U.S. at 557 (internal quotation marks omitted)).

When considering dismissal, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

## DISCUSSION

Discover argues the issuance of a 1099-C, like the one it sent Perez, does not discharge an underlying debt. It hinges its Motion to Dismiss on this—if Perez's debt was not really discharged, there was no inaccurate reporting, and it did not fail to investigate.

Discover's argument is misplaced at this motion to dismiss stage. Perez repeatedly alleges Discover "cancelled and discharged" her debt, and not just because it issued her a 1099-C. (Doc. 1 at ¶ 16, 18, 20). The Court must take these allegations as true at this stage. *See Pielage,* 516 F.3d at 1284. At most,

3

Discover presents an argument that a 1099-C *alone* does not discharge a debt. But Perez may have or discover other evidence that her debt was discharged.

Discover's own caselaw undermines its argument that this matter is fit for decision at this motion to dismiss stage. For example, *In re Petty*, the Court found *after a trial* that the 1099-C alone did not constitute waiver of a debt. No. 3:19-AP-0060-JAF, 2021 WL 1235369 (Bankr. M.D. Fla. Mar. 31, 2021). But the Court also noted that the 1099-C, with the G code on it like here, created *a triable issue of fact* precluding the case from being decided earlier at even the summary judgment stage. *Id.* at n.1. Other cases Discover cites were decisions at summary judgment. *See Ware v. Bank of Am. Corp.*, 9 F. Supp. 3d 1329 (N.D. Ga. 2014); *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295 (11th Cir. 2016). If the only evidence Perez has that her debt was discharged is the 1099-C, Discover may win the war. But not this battle.

Accordingly, it is now **ORDERED:**

Defendant's Motion to Dismiss (Doc. 29) is denied. Discover must answer the Complaint (Doc. 1) on or before April 17, 2023.

**DONE** and **ORDERED** in Fort Myers, Florida on April 3, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record